# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:15cv59

| | |
|---|---|
| KAREN PROVEAUX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) MEMORANDUM AND |
| CAROLYN W. COLVIN, | ) RECOMMENDATION |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 9 & # 13]. The Court **RECOMMENDS** that the District Court **DENY** the Commissioner's Motion for Summary Judgment [# 13], **GRANT** Plaintiff's Motion for Summary Judgment [# 9], and **REMAND** the decision of the Commissioner.

## I.  Procedural History

Plaintiff filed an application for disability insurance benefits and supplemental security income on July 23, 2012. (Transcript of Administrative

Record ("T.") 230-39.) The application had a protective filing date of July 20, 2012. (T. 106.) In her application for supplemental income, Plaintiff alleged an onset date of May 20, 2011. (T. 230.) In her application for disability benefits, Plaintiff alleged an onset date of April 14, 2011. (T. 238.) Plaintiff subsequently amended her application to assert an onset date of May 20, 2011. (T. 240.)

The Social Security Administration denied Plaintiff's claim. (T. 144-49.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 154-73.) A disability hearings was then held before an Administrative Law Judge ("ALJ"). (T. 42-77.) The ALJ then issued a decision finding that Plaintiff was not disabled from May 20, 2011, through the date of the decision. (T. 21-35.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council. (T. 2-5.) Plaintiff then brought this action seeking review of the Commissioner's decision.

**II.     Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270

F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In the ALJ's July 21, 2014, decision the ALJ found that Plaintiff has not been disabled under Section 216(i) and 223(d) of the Social Security Act since May 20, 2011. (T. 35.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through September 30, 2016.

(2) The claimant has not engaged in substantial gainful activity

since May 20, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3)   The claimant has the following severe impairments: obesity; history of cerebrovascular accident (CVA) with long-term use of anticoagulants, residual left-side weakness, and headaches; seizure-related disorder; high blood pressure; and mood and anxiety-related disorders, NOS (20 CFR 404.1520(c) and 416.920(c)).

(4)   The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526, 416.920(d), 416.925 and 416.926).

(5)   After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can work on the feet standing or walking short distances for no more than five hours in an eight-hour workday, but has no limitations working in a seated position; can frequently reach overhead or reach with the arm fully extended from the body, but not continuously; can finger frequently with the left dominant arm, but has no limitations with handling or the use of her non-dominant right arm; can occasionally perform postural adjustments, but can less than occasional squat or crawl; cannot perform fast-paced work with rigid production quotas that must be met; cannot work in a dangerous industrial setting, at unprotected heights, or in a place with unusual temperature extremes; cannot perform commercial driving as a part of a job; needs a job without unusual work stressors and the benefit of regular work hours and customary breaks; and cannot perform work using foot controls or walking on uneven ground. Additionally, the claimant needs a well-defined and well-set work environment with no more than simple instructions and procedures of four to five steps to be memorized and utilized; cannot do independent

work whereby she sets her own schedule or routine and she works best in a job with a supervisor on site, but she does not need special supervision; and can perform perfunctory interaction with retail customers.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on July 14, 1965 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from May 20, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T. 23-35.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The

scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached the decision based on the correct application of the law. Id.

## V. Analysis[1]

In reviewing the decision of an ALJ, the Appeals Council will consider the evidence in the record before the ALJ, as well as any new and material evidence submitted to it. 20 C.F.R. § 416.1476(b). Accordingly, the Appeals Council must

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

consider evidence submitted by a claimant with her request for review of a decision by an ALJ where the additional evidence is: (1) new, (2) material, and (3) relates to the period on or before the date of the decision of the ALJ. Wilkins v. Sec'y Dep't Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991); Parham v. Comm'r Soc. Sec., 627 F. App'x 233, 233 (4th Cir. 2015) (unpublished). "Evidence is new within the meaning of this section if it is not duplicative or cumulative." Wilkins, 953 F.2d at 96; see also Meyer v. Astrue, 662 F.3d 700, 704-05 (4th Cir. 2011). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins, 953 F.2d at 96.

The ALJ issued his opinion in this case on July 21, 2014. (T. 35.) Claimant then requested review of the ALJ's decision and submitted new evidence to the Appeals Council. (T. 2-17.) This new evidence included the medical opinion of Dr. Christine Dean, one of Plaintiff's treating neurologists at the Epilepsy Institute of North Carolina (T. 9-10), and the neuropsychological evaluation of Dr. Patrick Sullivan (T. 13-16). Dr. Dean's opinion is dated January 13, 2015 (T. 9), and the evaluation of Dr. Sullivan is dated November 20, 2014 (T. 13, 16). Dr. Sullivan's evaluation is partly based on consultations that occurred on August 24, 2014, October 7, 2014, October 22, 2014, and November 7, 2014. (T. 13.)

The Appeals Council addressed this new evidence in its decision to deny

Plaintiff's request for review of the decision of the ALJ. (T. 3.) Specifically, the Appeals Council found that the new evidence did not relate to the period on or before the date of the ALJ's decision and, thus, it did not accept the new evidence as part of the record and did not consider it. (Id.) Pursuant to 20 C.F.R. § 416.1476(b)(1), the Appeals Council also advised Plaintiff of her right to file a new application based on this new evidence. (Id.)

While both parties spend a significant number of pages in their briefs arguing how this additional evidence does or does not dictate a different result from the one reached by the ALJ, the question for this Court is a threshold one – did the Appeals Council err by not considering the new evidence? Upon a review of the record and the relevant legal authority, the Court finds that Appeals Council erred by not considering the additional evidence and that remand is required.

First, the additional evidence submitted to the Appeals Council is new; the evidence was not duplicative or cumulative of evidence already in the record. See Wilkins, 953 F.2d at 96. Second, the evidence relates to the period on or before the date of the ALJ's decision, irrespective of the date of the opinions. Id. Dr. Dean summarized some of Plaintiff's impairments in her January 13, 2015, letter as follows:

> Karen is 49 years old, has bilateral CVAs, a history of hypertension and has epilepsy secondary to her CVAs. Unfortunately, she is in that small

> group that has a chronic progressive organic brain disease secondary to the location of her CVAs, that is, cerebrovascular accidents or strokes, which actually occurred to a coagulopathy (failure of the coagulation system) causing the strokes. The strokes then caused her seizure disorder.
>
> In addition, she has chronic pain syndrome and memory loss due to the location of the strokes. She will never be able to work. She has underlying cardiac disease which was the cause of the strokes (CVAs) to begin with.
>
> This patient is both physically and mentally impaired with a current neuropsychological evaluation which shoes a full-scale IQ of 54, a verbal comprehension of 63 and memory and speed processing of 55 and 53. These are classified in the .1 – 1.0 percentile of the population, or "extremely low." This places her within a mild range of developmental intellectual disability in comparison to the general population.
>
> If we look at her academic and vocational history it appears she has suffered a significant deterioration in intellectual functioning down to the mild range of developmental disability.

(T. 9.) While the IQ test referenced by Dr. Dean in her opinion may relate only to the period after the date of the decision by the ALJ and, thus, may constitute only a snapshot of her mental condition on that date, Dr. Dean's entire opinion is not, as the Appeals Council determined, related exclusively to the time period after the ALJ's decision. Dr. Dean discusses Plaintiff's history of impairments, including the medical condition for which Plaintiff sought treatment at the Epilepsy Institute of North Carolina during the relevant time period, and opines that her conditions, including her memory loss, result in impairments that would prohibit her from

working.  (Id.)  In fact, Dr. Dean states that Plaintiff's academic and vocational history demonstrate a progressive deterioration of her intellectual functioning.  As a treating physician, Dr. Dean opined that Plaintiff "has cognitive problems, emotional problems and memory loss which cause her not to be able to function."  (T. 9.)  Again, this opinion was not limited to an assessment of Plaintiff's condition after the date of the ALJ's decision, and it was not limited to some deterioration of Plaintiff's condition between the ALJ's July 21, 2014, decision and January 13, 2015.  While the opinion may be entitled to less weight because it also takes into account the IQ assessment of Plaintiff that was conducted after the ALJ's decision, to decline review of the opinion on the basis that it only addressed Plaintiff's condition after the decision date was in error.

    Third, the opinion of Dr. Dean is material because there is a reasonable possibility that the opinion could have changed the outcome.  See Wilkins, 953 F.2d at 96.  Generally, the medical opinion of a treating physician is entitled to controlling weight.  See 20 C.F.R. § 404.1527(c)(2); Mastro, 270 F.3d at 178.  While the Commissioner makes a strong argument as to why Dr. Dean's opinion may not change the result in this case, this is ultimately a decision for the Appeals Council and the ALJ, not this Court.  Because the Court finds that there is a reasonable possibility that the opinion could have changed the outcome of this

case, the Court finds that this new evidence is material and should have been considered by the Appeals Council.

Finally, the Court finds that the Neuropsychological evaluation of Dr. Sullivan, is also new and material evidence that should have been considered by the Appeals Council. While the IQ score itself may be related only to the time period after the date of the decision, the evaluation describes her condition as one that was deteriorating over time, including the relevant time period. The evaluation also supports the claim that Plaintiff suffered memory loss and general cognitive impairment during the relevant time period as the result of her seizure disorder. Both medical opinions address Plaintiff's claim that during the relevant time period she had mental and cognitive impairments that limited her functioning. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Plaintiff's Motion for Summary Judgment [# 9], **DENY** the Commissioner's Motion for Summary Judgment [# 13], and **REMAND** the decision of the Commissioner.

VI. **Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the Plaintiff's Motion for Summary Judgment [# 9], **DENY** the Commissioner's Motion for Summary Judgment [# 13], and **REMAND** the decision of the Commissioner.

Signed: May 10, 2016

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge

*Dennis L. Howell*

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).